# NEW JERSEY SUPREME COURT.

## JANUARY TERM, 1848.

---

### PHARO & FAULKENBURGH v. PARKER.

[The following opinion of Justice RANDOLPH should have been printed with
the report of the case in which it was given. (*Ante p.* 332.) At the time
that case was printed it had not been received by the Reporter, nor was he
aware that any written opinion had been prepared by Justice RANDOLPH.
It is deemed advisable to insert it here at length, although out of its
place, and detached from that of Justice WHITEHEAD, as the decision in
this case seems to overrule *Montgomery* v. *Reynolds,* 2 *Green* 283.]

RANDOLPH, J. Parker sued Pharo & Faulkenburgh before a
Justice on a joint matter of account—the summons was served on
Pharo, the other defendant was not found by the constable. Pharo
appeared and attended to the trial and took an appeal, giving
bond in his own name, but before the hearing in the court be-
low, gave a new and sufficient bond in the name of both de-
fendants. The Court of Common Pleas, however, dismissed
the appeal, because Faulkenburgh was not present at the trial,
and Pharo had taken no rule on him in nature of a summons
and severance, to proceed separately. The motion is now
made for a mandamus to reinstate the appeal. By Statute, *R.
S.* 804 § 3, where the summons is served on one of several joint
debtors, the plaintiff may proceed and take judgment against
all; this, of course, must be upon the ground that in contem-
plation of law all are present; and if present, for the purpose
of trial and judgment, they are present also to enable an ap-
peal to be taken. I cannot conceive how it is possible to di-
vide a cause, and say that some of the defendants may take
an appeal and others bring a *Certiorari,* on the ground that the
former were present and the latter absent, at the rendition of

judgment. The judgment is an entirety, it cannot be sever-
ed ; one party cannot take it to the Common Pleas on appeal,
and the other bring it into this court by *Certiorari* ; for wher-
ever it be reversed, it must be an entire reversal, and so also if
affirmed. An appeal must be taken to the next Court of Com-
mon Pleas of the county, but a *Certiorari* to the justice may be
brought within eighteeen months ; may the party actually present
take his appeal in the name of the whole, and if he fails to get
a reversal in the Common Pleas, and the judgment be affirmed,
then may the other defendant remove the judgment of the jus-
tice by *Certiorari ?* This would seem to be the idea of the court
in *The Executors of Montgomery* v. *Reynolds,* 2 *Green* 283, if
the case be correctly reported, which I can hardly conceive to
be the fact, else the case must have been determined without
due consideration, for it can hardly follow that because a sum-
mons and severance may be necessary in some cases of appeal,
that therefore the party severed may bring *Certiorari*—though
it might follow that if one of several defendants might bring
*Certiorari* in a case where an appeal lies for any other defend-
ant, that a summons and severance would be necessary in all
such cases, that is, in all cases where any one of the defendants
was actually absent at the rendition of judgment, whether suit
was in tort or on a joint contract. This certainly would be a
very inconvenient, not to say injudicious practice, and one, I
think, unwarranted by statute or the principles of the common
law. When judgment at common law is against several, all
must join in a writ of error, and the writ would be quashed if
brought in the name of one or a part only of the defendants,
for, say the books, otherwise this inconvenience would ensue,
that every defendant might bring a writ of error by himself,
and by that means delay the plaintiff from having the benefit
of his judgment, though it should be affirmed once or oftener.
1 *Arch. Pr.* 232, and the cases there referred to. Again, pages
232–3, the same book, " If after error brought by one of seve-
ral plaintiffs or defendants, in the names of all, the others *re-
fuse to come in and join* with him in the assignment of errors,
they must be summoned and severed ; after which he may pro-
ceed in the writ of error alone "—otherwise it would have been

a discontinuance. *Cro. Jac.* 94; *Cro. Eliz.* 892; 2 *Bac. Abr.* *Error B.* 461. If one brings error, he must do it in the name of all; and if afterwards any of *the others refuse to appear* upon the *scire facias,* or to assign errors upon the rule given for that purpose, summons and severance lies—2 *Sellons Pr.* 536. And in *Frescobaldi* v. *Kinaston,* 2 *Strange* 783, one of the plaintiffs in error, upon affidavit that the other executor (also plaintiff) was in the interest of the defendant in error, and *would not join,* moved the court for time to summon and sever, and it was given him. When in trespass judgment is rendered in favor of some of the defendants and against others, the latter may have error without summons and severance. 1 *Arch.* 233; *Cowp.* 425. And so when one defendant is out-lawed and judgment passes against the other, the latter may bring a writ of error in his own name. 1 *Ld. Raym.* 691. In *Rous* v. *Ethington,* 2 *Ld. Raym.* 870, two executors were sued and process served on one, under the statute 9th *Ed.* 3, (as *Rev. S.* 351 § 6,) judgment was rendered against both, and it was held both must join in the writ of error. At common law when a writ of error was duly returned, the defendant in error was compelled to sue out of the court to which the writ was returned, a *scire facias quare executionem non,* and to proceed by alias and rule till he got a return of *scire feci* or judgment of *non pros.* if the former, then he ruled plaintiff to assign errors—2 *Sel. Pr.* 299; *and Appendix W.* 719, 720. To this writ there was no plea allowable, but plaintiffs had to appear and assign errors or be *non pros. Ld. Raym.* 1414. This practice is much shortened by our Practice Act, § 100 and 101, (*R. S.* 943,) requiring errors to be assigned in thirty days and joinder therein in thirty days thereafter. From the authority referred to, it appears that a summons and severance was required only when one of the parties refused to join in or assign error, that as the writ must be in the name of all, and a *scire facias* issued to all, all had to appear and assign errors or the writ itself be *non prossed;* to prevent this evil coming on the willing party, through the obstinacy or fraud of the unwilling, the former was allowed to proceed separately by summons and severance. No reason can exist under our simplified practice, for extending this inconvenient practice, but

Pharo & Faulkenburgh v. Parker.

many might be urged for limiting it, or at least confining it within the strict limits of the old cases. Thus in matters of contract, or in cases of executors, where process is served on one defendant, proceedings and judgment may be had against all, and if either are present in person or by attorney in justices' court, all have a right of appeal; 1 *Green* 350; and the appeal bond with sufficient surety may be given by the defendant, or by another in his behalf. 5 *Halst.* 160.

There is no formal appearance by the defendants in the justice's court, nor by the plaintiffs on the appeal, nor is there any necessity or propriety of a rule in the nature of a summons and severance, unless the case comes strictly within the old rule, and one of the parties *refuses* to join in the appeal, nor do I see much propriety even in that case, for though the appeal is in the name of both, only one need enter into bond; at all events the refusal should not be inferred from the non-summons or absence of the party, but he should be required to make an express refusal, equivalent to the refusal of one party at common law to appear and answer to the *scire facias*. And this I understand has been the practice heretofore pursued. In this state, in *Van-Houton* v. *Ellisen*, 1 *Penn.* 235, one of the plaintiffs in *Certiorari*, pending the suit, released all errors to the defendant. In *Cox* v. *Harris*, 2 *Penn.* 687, the writ was brought by one of two defendants in his own name, and was of course bad. In *Shepperd & Williams* v. *Fenton*, 4 *Halst.* 8, both parties appeared and only one made defence, the other must be considered from the case as refusing to appeal, else there was no cause to apply for the mandamus.

In *Ballinger* v. *Sherman*, 2 *Green* 144, Ballinger and one Smith were defendants below against whom judgment was rendered; the former brought a *Certiorari* in the name of both, but Smith "*refused* to sign the *Certiorari* bond or prosecute the *Certiorari*"—and the court under 4 *Halst.* 8, and 2 *Strange* 783, granted a rule in the nature of summons and severance, and time to serve it.

I think the Common Pleas erred in this case, and that a mandamus to reinstate the appeal ought to be allowed.